R. J. MEYER v. J. C. WRIGHT.

[Abstract Kentucky Law Reporter, Vol. 1—68.]

**Partnership.**

> Merely being joint owners of real estate and each agreeing to make certain improvements thereon does not constitute such owners partners.

**Money Borrowed by One Joint Owner of Real Estate.**

> Where real estate is jointly owned by two persons neither is personally bound by the acts of the other when not partners, and where one loans money to one of them, the money not even being shown to have been used to improve the property solely on the statement of one of the joint owners that they are partners, the other is not liable for such debt.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

May 27, 1880.

OPINION BY JUDGE PRYOR:

It is well established from the proof in this case that no partnership existed between the appellant and Faulkner. That the latter purchased out the interest of Fields in the mill property and undertook to make certain improvements on the one hand, and the appellant to make certain expenditures on the other, is made to appear, but neither agreed to become bound for the acts of the other; and while the improvements made enhanced the value of the common estate, it by no means follows that such a result made one liable for the acts of the other or created a partnership, so as to fix a liability on Meyer for the expenditures made by Faulkner. It is not even shown in this case that the money borrowed was invested in improving the mill property, and no act on the part of Meyer induced the loan to Faulkner, or authorized the appellee to infer that a partnership existed between them. The two agreed to improve the property, one to contribute as much as the other, and Meyer swears that no partnership existed. As between the two no such relation was created, and no act of Meyer led the appellee to believe they were partners.

The signing of the receipt acknowledging the delivery of the goods by Meyer in the name of Meyer and Faulkner was not known to the appellee, and the only evidence upon which he concluded to give the credit was the statement of Faulkner, at the time he borrowed the money, that Meyer was a partner. This statement was

incompetent as against Meyer, and particularly when Faulkner, who was present when the depositions were taken, or some of them, was never called upon to give his version of the agreement between himself and Meyer.

Nor are we inclined to concur in the conclusion that for the improvement of the common estate one joint owner or partner, if he is to be termed such, is authorized to borrow money, and by reason alone of the joint undertaking his copartner made liable for the debt. An agreement to improve the mill property, each party to contribute one-half of the amount necessary to be expended, would confer on one joint owner no such an authority, and this is the substance of the agreement between the two, as appears from the proof in the record uncontradicted by any other testimony. Circumstances are made to appear showing a recognition of the fact that they were joint owners of the property, but not incumbent with the idea that no partnership existed, and these circumstances were unknown to the appellee when the credit was given, the latter acting alone upon the representation of Faulkner, who had previously made oath that no partnership ever existed. If a partnership was ever created between these parties, it was after the note had been executed, beginning from the time the mill began to run and lasting for a few weeks when Meyer sold out to Faulkner. Meyer, it seems, was perfectly solvent and Faulkner insolvent, and, while it is a little remarkable that the appellee should loan his money to an insolvent man, it is equally as singular that he should loan it for the period of eighteen months to a man he did not know, and then notify him of his obligation to pay for the first time, by a summons to answer a complaint made against him in a court of justice by reason of his failure to pay.

This judgment is *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

While the judgment of the court in this case must be considered as the verdict of a properly instructed jury, we think there is an absence of proof to sustain the judgment, and that neither on the law or facts was the plaintiff entitled to recover.

*John Stiles, for appellant. Mix & Rogers, for appellee.*